Joseph F. Postnikoff
State Bar No. 16168320
Kevin G. Herd
State Bar No. 24027017
LAW OFFICES OF JOSEPH F. POSTNIKOFF &
ASSOCIATES, PLLC
777 Main Street, Suite 600
Fort Worth, Texas 76102
Telephone: 817.335.9400
Email: jpostnikoff@postnikofflaw.com
Email: kherd@postnikofflaw.com

PROPOSED COUNSEL FOR DEBTOR IN POSSESSSION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| O'CONNOR CONSTRUCTION | § | Case No. 22-40187-11 |
| GROUP, LLC | § | In Proceedings Under Chapter 11 |
| | § | |
| Debtor. | § | EXPEDITED HEARING REQUESTED |

**DEBTOR'S EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS (A) AUTHORIZING USE OF CASH COLLATERAL; (B) GRANTING ADEQUATE PROTECTION; AND (C) SCHEDULING A FINAL HEARING**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, O'Connor Construction Group, LLC, the Debtor in Possession in the referenced Chapter 11 bankruptcy proceeding ("Debtor"), and files this Emergency Motion for Interim and Final Orders (a) Authorizing Use of Cash Collateral; (b) Granting Adequate Protection; and (c) Scheduling a Final Hearing (the "Motion"), and in support thereof would respectfully show unto the Court as follows:

**Jurisdiction**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This matter involves administration of the estate and therefore constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (M) and (O).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 105, 361, 362 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001, 6003, 6004 and 9014.

**Bankruptcy**

4. Debtor filed a Voluntary Petition for relief under chapter 11 of the United States Bankruptcy Code on January 27, 2022 (the "Petition Date"). Debtor has continued to operate as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108. The United States Trustee has not formed an official committee of unsecured creditors

**Summary of Relief Requested**

5. By this Motion, the Debtor seeks authority to use available cash deposits, including without limitation, funds on deposit in the Registry of the Court of the 415th Judicial District Court in and for Parker County, Texas, and accounts receivable pursuant to 11 U.S.C. § 363 to fund ongoing expenses of operation. Further, the Debtor seeks an order of this Court granting adequate protection for the interests of the parties asserting liens and other interests in the Cash Collateral.

**Background**

6. Debtor has over thirty years of experience as a commercial/industrial contractor specializing in food storage/processing facilities and provides turnkey design, construction and construction management services for projects nationwide, but focusing primarily in the

South/Southwest. Debtor's primary office is located at 173 County Road 3850, Poolville, Texas 76487 and its workforce currently consists of twenty-four employees.

7. As of the Petition Date, the Debtor has several construction contracts underway and in various stages of completion. These include construction contracts with Wesson, Cypress, US Cold Storage (Lake City), US Cold Storage (Laredo), Cargill (Fort Worth), Cargill Provimi (Weatherford), Colorado Boxed Beef and Qore Constructors. As of the Petition Date, the balance of cash on hand in the Debtor's bank account totaled approximately $17,000, there was on deposit in the Registry of the Court of the 415th Judicial District Court in and for Parker County, Texas approximately $1.3 million, and Debtor's accounts receivable total approximately $1.8 million (of which sum $107,704.95 is retainage).

**A. Secured Creditors With Liens Against Accounts and Contract Rights**

8. Liens against the Debtor's personal property, including accounts and contract rights generally, are asserted by the following lenders (jointly, the "Secured Creditors"):

   a. Small Business Administration: UCC-1 Financing Statement filed June 5, 2020 in conjunction with a loan in the original amount of $150,000 and later increased to $500,000 with a current balance of approximately $500,000.

   b. Breakout Capital LLC: UCC-1 Financing Statement filed October 30, 2020 in conjunction with a loan in the original amount of $500,000 with a current balance of approximately $603,986.

   c. CIT Bank, N.A.: UCC-1 Financing Statement filed December 8, 2020 in conjunction with a loan in the original amount of $93,491.67 with a current balance of approximately $85,975.69.

    d. <u>Union Funding Source, Inc.</u>: UCC-1 Financing Statement filed March 3, 2021 in conjunction with a $250,000 loan with a current balance of approximately $123,826.55.

**B. Green Capital Funding LLC**

9. Pursuant to a Future Receivables Sale and Purchase Agreement dated March 16, 2021, entered into between the Debtor and Green Capital Funding LLC ("<u>Green</u>"), the Debtor sold future receivables of $1,023,750 for a purchase price of $750,000. Debtor defaulted on payments to Green and on December 9, 2021, Green commenced suit against the Debtor and other affiliated parties in the Supreme Court of the State of New York, County of Queens carried under Index No. 727229/2021 styled *Green Capital Funding LLC, Plaintiff, against O'Connor Construction Group LLC d/b/a O'Connor Construction Group, Paul A. O'Connor, and Amy C. O'Connor, Defendants* seeking judgment in the amount of $603,986.00, plus prejudgment interest at 9% and costs, for breach of contract and breach of personal guarantees. Debtor has answered denying liability and filed a counterclaim seeking to have the underlying agreement declared void for criminal usury and for all security interests and other mechanisms in aid of collection to be terminated.

**C. Garnishment Creditors: Lineage Logistics, LLC and Beacon Sales Acquisitions, LLC**

10. Prior to September 22, 2021, the Debtor maintained two deposit accounts at First Financial Bank (xxxxxx-0036 and xxxxxx-0201) with which Debtor transacted business. Also, pursuant to a Promissory Note dated March 21, 2020, Debtor maintained a line of credit at First Financial Bank ("<u>FFB</u>") of up to $512,887.20 (the "<u>LOC</u>").

11. On September 22, 2021, Lineage Logistics, LLC ("<u>Lineage</u>") commenced suit against Debtor in the 415th Judicial District Court in and for Parker County, Texas in Cause No.

CV21-1443 styled Lineage Logistics, LLC, Plaintiff v. O'Connor Construction Group, LLC, Defendant, seeking damages for alleged breach of contract with respect to multiple construction projects on which Debtor had failed to make final payments to subcontractors alleging damages of no less than $1,520,353.19.

12. Also on September 22, 2021, Lineage commenced a prejudgment garnishment proceeding in the 415th Judicial District Court in and for Parker County, Texas (the "District Court") in Cause No. CV21-1445 styled *Lineage Logistics, LLC, Plaintiff/Garnishor, v. First Financial Bank, Garnishee* (the "Garnishment Proceeding") and on September 28, 2021, the Clerk of Court issued a writ of garnishment to First Financial Bank ("FFB"), the Debtor's primary depository institution.

13. Beacon Sales Acquisition, Inc. ("Beacon") instituted a separate garnishment proceeding in the 43rd District Court of Parker County under Cause No. CV21-1637 (the "Beacon Garnishment Proceeding") and on or about October 29, 2021 caused to be issued and served on FFB a Post-Judgment Writ of Garnishment seeking satisfaction of a judgment entered in favor of Beacon and against Debtor in the amount of $144,230.11. The Beacon Garnishment Proceeding has since been consolidated into the Lineage Garnishment Proceeding and is pending before the District Court.

14. In answer to the Garnishment Proceeding, FFB advised the District Court that on September 30, 2021, there was on deposit in Debtor's accounts maintained at FFB the sum of $1,313,764.91 and that FFB had exercised its right of setoff with respect to the LOC in the amount of $290,792.09 leaving a balance of $1,286,334.67 in account ending in 0036 and $163.10 in account ending in 0201, for a total of $1,286,497.77. Further, FFB sought to interplead the remaining funds into the Registry of the District Court.

15. On January 12, 2022, the District Court entered its Order directing FFB to deposit the sum of $1,286,497.77 into the Registry of the Court and awarded FFB attorneys' fees and costs of $5,667.00. Finally, the District Court ordered "that additional briefing be heard as to whether and how such funds are properly subject to Lineage Logistics, LLC's Writ of Garnishment or Beacon Sale Acquisitions, LLC's Writ of Garnishment".

16. On January 18, 2022, FFB deposited the sum of $1,280,830.77 into the Registry of the District Court (the "Garnishment Funds"). The Garnishment Funds remain in the Registry of the District Court.

### D. Priority Claims

17. The Debtor is in arrears in payment of the Texas sales tax deposit which was due November 2021 in the amount of $8,608.42 and the 2020 Texas franchise tax of $7,050.11. Additionally, payroll tax deposits are due for January 19, 2022 in the amount of $15,072.42 and January 26, 2022 in the amount of $14,772.98.

### E. Unsecured Creditors

18. Debtor estimates there are approximately 220 unsecured creditors, including subcontractors and materials suppliers, with claims of approximately $10 million.

### F. Events Leading Up to Bankruptcy

19. While attendant delays and uncertainty resulting from COVID certainly played a role in causing the Debtor's financial distress, the exercise of the prejudgment garnishment remedy by Lineage in September 2021 ultimately deprived the Debtor of a primary source of cash flow necessary to fund operations. Debtor limped along for a couple months in an attempt to stave off a bankruptcy; however, when Green effectively cut off proceeds from accounts receivable by directing O'Connor customers pay Green direct, the handwriting was on the wall.

Without cash flow from current projects, the Debtor was unable to meet ordinary operating expenses and it was finally determined that a chapter 11 proceeding was the only viable option for an internal reorganization of the Debtor's operations.

### The Debtor's Need for Use of Cash Collateral

20. A debtor's use of property of the estate, including cash collateral, is governed by section 363 of the Bankruptcy Code. Pursuant to section 363(c)(2), a debtor may use cash collateral if "(A) each entity that has an interest in such cash collateral consents; or (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of [section 363]." 11 U.S.C. 363(c)(2).

21. As described above, the Debtor's liquid assets as of the Petition Date consisted of the balance of cash on hand in the Debtor's bank account of approximately $17,000, the Garnishment Funds and accounts receivable of approximately $1.8 million (the "Cash Collateral").

22. Debtor has no other source of revenue available to carry on operations other than the Cash Collateral. For example, the Debtor's available cash, including Cash Collateral, must be available to fund the Debtor's payments to employees and vendors and to satisfy other ordinary costs of operation, including taxes and insurance. For the first two weeks of this bankruptcy proceeding, the Debtor has projected the expenses of operation which are necessary to be satisfied in order to preserve the assets of the estate. The projections are incorporated into the Budget attached hereto and incorporated herein as Exhibit "A". In the Budget, the Debtor proposes use of Cash Collateral of $97,215.25 to fund ongoing operations on an interim basis. Prior to a final hearing on this Motion, the Debtor will present cash flow projections and a

budget for the continued operations of the Debtor pending confirmation of a chapter 11 plan of reorganization.

23. The Debtor proposes to use Cash Collateral to fund its post-petition operations on an interim basis consistent with the Budget and on a continued basis pursuant to cash flow projections to be provided. Satisfaction of these budgeted expenses is necessary in order to preserve the Debtor's estate for the benefit of its creditors and in order to avoid immediate and irreparable harm to the estate. If the Debtor is unable to fund post-petition operations, the value of the Debtor's estate will rapidly decline as clients and vendors display their dissatisfaction. The harm to the estate of the Debtor will be irreparable.

24. Accordingly, pursuant to section 363(c)(2), absent consent from the Secured Creditors, Green, Lineage, and Beacon (collectively referred to herein as the "Interested Parties"), the Debtor requires authorization from the Court to use Cash Collateral.

## Statutory Predicate

25. Pursuant to the provisions of 363(c)(2) of the Bankruptcy Code:

> The trustee may not use, sell, or lease cash collateral under a paragraph (1) of this subsection unless -
> (A) each entity that has an interest in such cash collateral consents; or
> (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section.

11 U.S.C. § 363(c)(2).

## Relief Requested

26. The Debtor seeks authorization to use Cash Collateral on an interim basis to satisfy the operating expenses detailed on the Budget attached hereto as Exhibit "A" and thereafter on a continuing basis.

27. The Debtor believes the interests of the Interested Parties are adequately protected by the value of the property securing their claims; however, the Debtor proposes additional adequate protection in the form of a replacement lien.

28. The Debtor proposes the Interested Parties shall receive, as adequate protection to the extent of the diminution in value of each of their perfected interests in the Cash Collateral, a replacement lien in their respective prepetition collateral and proceeds of their respective prepetition collateral (collectively, the "Adequate Protection Liens"), whether now existing or hereafter acquired or arising, and wherever located (the collateral subject to such Adequate Protection Liens, the "Replacement Collateral"). Notwithstanding the foregoing, the Adequate Protection Liens shall not encumber (i) any real property owned by the Debtor or the proceeds from the sale of any such property; or (ii) causes of action arising or recoverable under §§ 544, 545, 547, 548, 549, 550, or 551 of the Bankruptcy Code, all transfers avoided under §§ 544, 545, 547, 548, 549, 550, or 551 of the Bankruptcy Code, and all liens avoided under § 506(d) of the Bankruptcy Code.

29. The Adequate Protection Liens shall (i) be supplemental to and in addition to the prepetition liens or interests of each respective Interest Holder, (ii) be accorded the same validity and priority as enjoyed by the prepetition liens or interests immediately prior to the Petition Date, (iii) be deemed to have been perfected automatically effective as of the entry of this Order without the necessity of filing of any UCC-1 financing statement, state or federal notice, mortgage or other similar instrument or document in any state or public record or office and without the necessity of taking possession or control of any collateral.

30. As additional adequate protection for the interests of the Interested Parties, the Debtor currently maintains and will continue to maintain appropriate insurance coverage at acceptable levels. Evidence of such insurance will be provided upon request.

31. As further adequate protection for the interests of the Interest Parties, the Debtor proposes to deposit and hold all funds from pre and post-petition operations in a debtor in possession account and to provide accountings with respect to Debtor's operations to the Interested Parties on a monthly basis.

32. Finally, the Debtor seeks the setting of a final hearing on this Motion.

### The Proposed Interim Order Should Be Granted

33. Bankruptcy Rule 4001(b) provides that a final hearing on a motion to use cash collateral may not be commenced earlier than 14 days after the service of such motion. Upon request, however, the Court is authorized to conduct a preliminary expedited hearing on the motion and authorize the use of cash collateral to the extent necessary to avoid immediate and irreparable harm to the debtor's estate pending a final hearing. Pursuant to Bankruptcy Rule 4001(b), the Debtor requests that the Court conduct an expedited preliminary hearing on the Motion and (a) authorize the use of Cash Collateral in order to (i) maintain and finance its ongoing operations and (ii) avoid immediate and irreparable harm and prejudice to the Debtor's estate and all parties in interest; (b) provide adequate protection for the interests of the Interested Parties; and (c) schedule a final hearing on the relief requested herein.

34. The Debtor's proposed form of Order approving this Motion is attached hereto and incorporated herein as Exhibit "B".

**Bankruptcy Rules 4001(a)(3) and 6004(h) Should be Waived**

35. The Debtor requests a waiver of the stay of effectiveness of the order approving this Motion under Bankruptcy Rules 4001(a)(3) and 6004(h). The use of the Cash Collateral is essential to prevent irreparable damage to the Debtor's operations. Accordingly, ample causes exists to justify the waiver of the fourteen-day stay imposed by Bankruptcy Rules 4001(a)(3) and 6004(h).

**Proposed Notice**

36. The Debtor will provide notice of this motion to each of the following parties or its counsel: (a) the U.S. Trustee for the Northern District of Texas; (b) the holders of the 20 largest unsecured claims against the Debtor; (c) the United States Attorney's Office for the Northern District of Texas; (d) the Internal Revenue Service; (e) any creditor known to have filed a UCC-1 financing statement concerning the Debtor's assets with the Secretary of State of Texas as of the Petition Date; (f) the Attorney General and Comptroller of Public Accounts for the State of Texas; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no other or further notice is needed.

**WHEREFORE, PREMISES CONSIDERED,** O'Connor Construction Group, LLC, the Debtor in Possession herein, respectfully prays for an Order of this Court authorizing the use of cash collateral as proposed herein on a preliminary and continuing basis and for such other and further relief, at law or in equity, to which the Debtor may be shown justly entitled.

Dated this the 28th day of January, 2022.

                Respectfully submitted,

                LAW OFFICES OF JOSEPH F. POSTNIKOFF &
                ASSOCIATES, PLLC
                777 Main Street, Suite 600
                Fort Worth, Texas 76102
                Telephone – 817.335.9400

                By: /s/ Joseph F. Postnikoff
                      Joseph F. Postnikoff
                      State Bar No. 16168320
                      jpostnikoff@postnikofflaw.com
                      Kevin G. Herd
                      State Bar No. 24027017
                      kherd@postnikofflaw.com

                PROPOSED COUNSEL FOR THE
                DEBTOR IN POSSESSION

## CERTIFICATE OF CONFERENCE

I certify that I have emailed a copy of this Motion to each of the following parties and have been advised as follows concerning the relief requested in the Motion as of the time of filing of the Motion:

| Name | Party | Email Address | Position |
|---|---|---|---|
| Erin Schmidt | United States Trustee | Erin.Schmidt2@usdoj.gov | No Opposition |
| Donna Webb | Small Business Admin. | Donna.Webb@usdoj.gov | No Opposition |
| Representative | Breakout Capital | kahmad@breakoutfinance.com | No Response |
| Ryan MacKay | CIT | Ryan.Mackay@cit.com | No Response |
| Alice | Union Funding | alice@unionfundingsource.com | No Response |
| Vadim Serebro | Green Capital | legal@maxrecoverygroup.com | No Response |
| Robin Harrison | Lineage | rharrison@hicks-thomas.com | No Response |
| Todd Hoodenpyle | Beacon | hoodenpyle@singerlevick.com | No Response |

                /s/ Joseph F. Postnikoff
                Joseph F. Postnikoff

## CERTIFICATE OF SERIVCE

The undersigned hereby certifies that on the 28th day of January, 2022, a copy of the foregoing Motion was served via ECF on the parties registered with the Court to receive ECF and via first class United States mail on the parties listed on the attached service list.

      /s/ Joseph F. Postnikoff
      Joseph F. Postnikoff